IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 06-30039-01 |
| | | 06-30039-06 |
| VERSUS | | |
| | * | JUDGE JAMES |
| S.G.H., INC. | | |
| | * | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Suppress and Motion for Return of Property filed by Defendants S.G.H., Inc. and Abdulfattah Nasser Saleh (collectively "Moving Defendants") (Documents No. 88 & 91). The Government has filed oppositions to the motions (Documents No. 108 & 109). For reasons stated below, it is recommended that the motions be **DENIED**.

### BACKGROUND

On February 22, 2006, federal search warrants were executed as to the Smoke Shop and the Sportsman Superstop, two convenience stores located in Tallulah, Louisiana. On September 15, 2006, an Indictment was filed against Moving Defendants, among others, alleging violations of 18 U.S.C. § 371 and 18 U.S.C. § 2320 (Document No. 1). On May 11, 2007, Moving Defendants each filed separate but identical Motions to Suppress Evidence and for Return of Property. In the body of the motions, Moving Defendants allege the following: (1) the search warrant executed against them was insufficient on its face; (2) there was no probable cause to believe the existence of the grounds on which the warrant was issued; (3) the affidavit on the basis of which the warrant was issued does not set forth facts establishing the grounds of the motion or facts establishing the source of the information alleged in the affidavit; and (4) the warrant failed to describe with sufficient particularity the person or place to be searched and the property to be seized.

The Government moved to dismiss the aforesaid motions for failure to include supporting memoranda (Document No. 99).  On May 17, 2007, in response to the Government's motion, the undersigned granted Moving Defendants ten days in which to correct the deficiencies in their motions by filing separate memoranda in support of each motion, with each memorandum to contain specific citation to appropriate authority and specific factual allegations which, if proven, would entitle to the mover to relief (Document No. 100).

On May 23, 2007, Defendants S.G.H., Inc. and Abdulfattah Nasser Saleh each filed an identical memorandum in support of their Motion to Suppress and for Return of Property (Document Nos. 103,104).  In these memoranda, there is no citation to any law concerning the claims stated in the previoulsy-filed motions nor are there any factual bases set forth for such claims. Rather, it appears that Moving Defendants are now alleging new and different grounds pertaining to the sufficiency of the indictment in support of their motions.  Moving Defendants argue that the indictment fails to enumerate every material element of the offenses for which they are charged and that the Indictment fails to give them adequate notice of the offenses with which they are charged.  Therefore, it is recommended that Moving Defendants' claims in the original Motions to Suppress and for Return of Property be DENIED.  Moving Defendants' newly-raised grounds for relief will be discussed in detail below.

## LAW AND ANALYSIS

"In *Hamling v. United States*, the United States Supreme Court determined that an indictment is constitutionally sufficient if it complies with three requirements." *U.S. v. Nevers*, 7 F.3d 59, 62 (5th Cir. 1993) (citing *Hamling v. U.S.*, 418 U.S. 87, 117(1974)). "An adequate indictment 1) enumerates each *prima facie* element of the charged offense, 2) notifies the defendant of the charges filed against him, and 3) provides the defendants with a double jeopardy defense against future prosecutions." *Id.*  Moving Defendants argue in conclusory fashion that

the indictment in this case failed to comply with the first and second *Hamling* requirements, but they do not identify which elements of the charged offenses are not adequately set forth in the Indictment nor do they explain how the Indictment fails to give them adequate notice of the charges against them. However, the undersigned has reviewed the Indictment in this case, finds that it is sufficient, and recommends that Moving Defendants' motions be DENIED.

*A. Elements of the Offense*

"[A]n indictment will satisfy the first *Hamling* requirement if it sets forth each element of the punishable offense." *Id.* "An indictment that tracks a statute's words is generally sufficient 'as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *U.S. v. Arlen*, 947 F.2d 139, 145 (5th Cir. 1991) (quoting *U.S. v. London*, 550 F.2d 206, 210 (5th Cir. 1977)). "In other words, the language of the statute may guarantee sufficiency if all required elements are included in the statutory language." *Id.* (citing *U.S. v. Gordon*, 780 F.2d 1165, 1171 (5th Cir. 1986). As was previously mentioned, Moving Defendants are charged with violating 18 U.S.C. § 371 and 18 U.S.C. § 2320.

18 U.S.C. § 371 states in pertinent part:

> If two or more persons conspire either to commit an offense against the United States, or to defraud the United States, or an agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. Thus, in order to obtain a conviction for violation of 18 U.S.C. § 371, the Government must prove beyond a reasonable doubt the following elements: (1) that two or more people agreed to pursue an unlawful objective; (2) that the Defendant voluntarily agreed to join the conspiracy; and (3) that one or more members of the conspiracy committed an overt act to further the objectives of the conspiracy. *U.S. v. Soape*, 169 F.3d 257, 264 (5th Cir. 1999).

The Indictment in the case at bar states that Defendants S.G.H, Inc. and Abdulfattah Nasser Saleh, along with the other named defendants, ". . . did knowingly and willfully, combine, conspire, confederate, and agree together to commit an offense or offenses against the United States, to wit: trafficking in counterfeit goods, in violation Title 18, United States Code Section, Section 2320." (Indictment, Doc. No.1, at p. 2). The Indictment also states that "[t]he object of the conspiracy was to sell counterfeit trademarked goods to make money" and that, "[i]n furtherance of the conspiracy and to effect the object thereof, the defendants, committed or caused to be committed the following overt acts, among others, in the Western District of Louisiana and elsewhere. . .," at which point the Indictment lists 33 specific overt acts. *Id.* at p. 2-5.

Clearly, the Indictment sets forth each element of the offense with which Moving Defendants are charged. The Indictment tracks the language of 18 U.S.C. § 371, and all of the required elements are included the statutory language. Accordingly, the Indictment sufficiently enumerates all of the material elements of 18 U.S.C. § 371, and it is recommended that Defendant's motion on this basis be DENIED.

With regard to 18 U.S.C. § 2320, the statute states in pertinent part:

> Whoever intentionally traffics or attempts to traffic in goods or services and knowingly uses a counterfeit mark on or in connection with such goods or services, or intentionally traffics or attempts to traffic in labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature, knowing that a counterfeit mark has been applied thereto, the use of which is likely to cause confusion, to cause mistake, or to deceive, shall, if an individual, be fined nor more than $2,000,000 or imprisoned nor more than 10 years, or both, and, if a person other than an individual, be fined not more than $5,000,000. . . .

18 U.S.C. § 2320(a). Therefore, "[t]o prove a violation of 18 U.S.C. § 2320(a), the [G]overnment must establish that: (1) the defendant trafficked or attempted to traffic in goods or

services; (2) such trafficking, or the attempt to traffic, was intentional; (3) the defendant used a counterfeit mark on or in connection with such goods or services; and (4) the defendant knew that the mark so used was counterfeit." *U.S. v. Sultan*, 115 F.3d 321, 325 (5th Cir. 1997).

Counts 2 through 21 of the Indictment in the case at bar state the following (with the only variation being the brand of the good allegedly counterfeited):

> On or about February 22, 2006, at the Smoke Shop, in the Western District of Louisiana, the defendants, (see names in General Allegation above), did intentionally traffic and attempt to traffic in goods, and knowingly used counterfeit marks on or in connection with such goods, to wit, counterfeit NIKE marked goods, which counterfeit marks were identical with and substantially indistinguishable from genuine NIKE marks in use and registered for those goods on the principal register in the United States Patent and Trademark Office, and the use of which marks was likely to cause confusion, to cause mistake and to deceive, all in violation of Title 18, United States Code, Sections 2320 and 2.

(Indictment, Doc. No. 1, at 6-15).

The Indictment adequately sets forth the elements of the charged offense. It directly tracks the language of 18 U.S.C. § 2320(a), and all of the required elements are included the statutory language. Accordingly, the Indictment sufficiently enumerates all of the material elements of 18 U.S.C. § 2320(a), and it is recommended that Defendant's motion on this basis be DENIED.

### B. Adequate Notice

It is unclear to this Court if Moving Defendants making a separate claim that the Indictment fails to give them adequate notice of the charges against them in that, while their memoranda in support do state in conclusory fashion that such is the case, the only support cited for this proposition is the previously discussed argument that all of the material elements of the offenses charged are not enumerated in the Indictment. However, if Moving Defendants are claiming that the Indictment fails to give them adequate notice of the charges against them, such

5

argument is without merit.

"Indictments satisfy the second *Hamling* requirement if they describe the specific facts and circumstances surrounding the offense in question in such a manner as to inform the defendant of the particular offense charged." *Nevers*, 7 F.3d at 63.  The Indictment in this case sets out in detail the facts and circumstances on which the Government's charges are based, including the identity of the allegedly counterfeited goods, the dates on which the goods were allegedly sold, and the location of the alleged sales.  Accordingly, the Indictment is sufficient to give the Defendants adequate notice of the charges against them, and it is recommended that Moving Defendants' motion on this ground be DENIED.

## CONCLUSION

For the reasons stated above, it is recommended that the Motions to Suppress and for Return of Property filed by Defendants S.G.H., Inc. and Abdulfattah Nasser Saleh (Documents No. 88 & 91) be **DENIED**.    Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE